IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GRACIELA V.,[1] | Case No. 6:21-cv-01685-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
| Defendant. | |

**KASUBHAI, U.S. Magistrate Judge.**

Graciela V. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.   PLAINTIFF'S APPLICATION

Plaintiff filed her applications for SSI and DIB on March 20, 2018, alleging disability due to rheumatoid arthritis; bilateral hip degenerative joint disease; left hand degenerative joint disease; osteoporosis; left elbow impairment; and thoracolumbar compression fractures. (Tr. 22, 345-59.) Plaintiff's claims were denied initially and upon reconsideration, and she requested a

PAGE 2 – OPINION AND ORDER

hearing before an Administrative Law Judge (ALJ). (Tr. 120-29, 131-36.) After an administrative hearing held April 8, 2021, ALJ Katherine Weatherly issued a written decision finding Plaintiff disabled beginning February 19, 2018. (Tr. 17-31.) The ALJ, however, denied Plaintiff's claims for the period beginning on Plaintiff's alleged disability onset date of July 15, 2016, through February 18, 2018. (Tr. 26-27.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-8.) This appeal followed.

## II.   THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

PAGE 3 – OPINION AND ORDER

capacity, age, education, and work experience." *Tackett,* 180 F.3d at 1100.  If the Commissioner fails to meet this burden, the claimant is disabled.  *Bustamante,* 262 F.3d at 954 (citations omitted).

### III.     THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 17-31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 15, 2016. (Tr. 22.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of rheumatoid arthritis; bilateral hip degenerative joint disease; left hand degenerative joint disease; osteoporosis; and thoracolumbar compression fractures. (Tr. 22.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 22.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations: she can stand and/or walk up to four hours of an eight-hour workday with a sit/stand option allowing for sitting 20 minutes at a time, and standing or walking for 20 minutes at a time, while remaining on task. The ALJ also found that Plaintiff could frequently climb ramps and stairs; balance, crouch and crawl; occasionally climb ladders, ropes, and scaffolds; and is to avoid all exposure to hazards. (Tr. 22-23.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work as an agricultural produce packer, housecleaner, hand packager, industrial cleaner, or sewing machine operator.  (Tr. 25.)  At step five, the ALJ determined that, prior to February 19, 2018 when Plaintiff's age category changed, Plaintiff could perform jobs existing in significant numbers in the national economy, including router, routing clerk, and marker. (Tr. 26.)  The ALJ therefore

concluded that Plaintiff was not disabled from the alleged onset date prior to February 19, 2018. (Tr. 26-27.)

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to incorporate her left elbow impairment into the RFC; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) rejecting the lay witness testimony of Plaintiff's brother. The Commissioner concedes that the ALJ erred. Specifically, the Commissioner notes that

> the ALJ focused on the documented improvement in rheumatoid arthritis symptoms when discounting Plaintiff's subjective complaints, even though Plaintiff also alleged limitations stemming from other conditions. Tr. 23-24. In addition, treating physician Kyle Homertgen, D.O., indicated that he completed disability paperwork for Plaintiff during the relevant period (Tr. 542-43), but the record does not contain any opinions from this physician.

(ECF 18, at *2.) The central issue before this court is therefore whether to remand the case for further proceedings or for the payment of benefits.

Plaintiff argues that a remand for benefits is warranted because the ALJ omitted her left elbow impairment from the RFC. (ECF 19, at *2-3.) In her written opinion, the ALJ considered the opinion of examining physician Kevin C. Myers, DO, who assessed limitations with Plaintiff's use of her left elbow. (Tr. 24.) The ALJ noted that Dr. Myers's "[p]ertinent findings included 'deformity at left elbow and left thumb' with inability to fully extend the elbow." (Tr. 24, 626 (treatment note demonstrating Plaintiff's inability to fully extend the left elbow with extension of +30)). The ALJ found Dr. Myers's opinion to be "largely persuasive," and rejected only Dr. Myers's assessment of Plaintiff's ability to lift and carry objects because Dr. Myers "did not have access to the evidence concerning osteoporosis and compression fractures of the spine." Tr. 24. The ALJ thus accepted Dr. Myers's finding regarding Plaintiff's left elbow impairment.

PAGE 5 – OPINION AND ORDER

The ALJ failed to include Plaintiff's left elbow impairment in Plaintiff's RFC, which does not include any limitations on bilateral reaching. (Tr. 22-23.) The Commissioner argues that this was not error because Dr. Myers "did not assess any reaching limitations." (ECF 18, at *4.) To support this claim, the Commissioner cites to a treatment note from Dr. Myers indicating that Plaintiff retains fine manipulative abilities and the ability to carry 30 pounds. (*Id.*, citing Tr. 628.) In contrast with the Commissioner's argument, however, this treatment note repeats Dr. Myers's "significant" finding of a deformity at Plaintiff's left elbow and tenderness to palpation at several joints, despite Plaintiff's abilities to lift objects and to manipulate objects with her hands, which does not involve bilateral reaching. (Tr. 628.) Dr. Myers's examination findings also indicate that Plaintiff's left elbow extension is +30 degrees, while the normal range for elbow extension is between -6 and 11 degrees.[2] (Tr. 626.) In sum, while the Commissioner appears to argue that Dr. Myers's findings regarding Plaintiff's left elbow impairment were either absent or unpersuasive (ECF 18), this opinion is well-documented in Dr. Myers's treatment notes and was explicitly accepted by the ALJ. (Tr. 24.) Because the ALJ found this opinion persuasive in her written decision, it is not susceptible to a post-hoc rejection. The ALJ's omission of Plaintiff's elbow impairment from the RFC, which did not include any limitations on bilateral reaching, was error.

Because the court finds that the ALJ committed harmful error by failing to include all of Plaintiff's limitations in Plaintiff's RFC, the Court agrees that remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"

---

[2] See Zwerus EL, Willigenburg NW, Scholtes VA, Somford MP, Eygendaal D, van den Bekerom MP. Normative values and affecting factors for the elbow range of motion. Shoulder Elbow. 2019 Jun;11(3):215-224. Available at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6555111/

PAGE 6 – OPINION AND ORDER

*Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

The Commissioner argues that a remand for further proceedings is appropriate because the ALJ failed to consider the disability report of treating physician Kyle Homertgen, D.O., and failed to support her rejection of Plaintiff's subjective complaints with substantial evidence. The Commissioner argues that the ALJ requires the opportunity to further develop the record, in order to assess whether Plaintiff was disabled from her alleged onset date through February 18, 2018.

The Court disagrees. As explained above, the ALJ failed to incorporate Plaintiff's left elbow limitation into the RFC. See *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). At the administrative hearing, the Vocational Expert ("VE") testified that when Plaintiff's RFC was amended to include the limitation on the use of the left elbow, the amended RFC would not "allow for that hypothetical individual to do any of the jobs

PAGE 7 – OPINION AND ORDER

that [the VE] named." Tr. 57. Thus were the erroneously omitted limitation incorporated into the RFC, the ALJ would be required to find Plaintiff disabled. For this reason, Plaintiff meets the credit-as-true standard, and further administrative proceedings would serve no useful purpose. Because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED** for the immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 27th day of October 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge